UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BANKERS LIFE AND CASUALTY COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THOMAS S. SKINNER, MINNIE M. HOUGH, ) <br> and ROBERT E. STARK, ) <br> ) <br> Defendants. ) | CASE NO. 6:20-cv-3346 |

## COMPLAINT FOR INTERPLEADER

Plaintiff, Bankers Life and Casualty Company ("Bankers Life"), by counsel, for its Complaint for Interpleader, alleges and states as follows:

### I. Parties

1. Bankers Life is an insurance company formed as a corporation under the laws of the State of Illinois, with its principal place of business in Chicago, Cook County, Illinois. Bankers Life is a citizen of the State of Illinois under 28 U.S.C. § 1332(c)(1).

2. Defendant Thomas S. Skinner ("Thomas"), is a resident of Licking, Texas County, Missouri. Thomas is a citizen of the State of Missouri.

3. Defendant Minnie M. Hough ("Minnie"), is a resident of Springfield, Greene County, Missouri. Minnie is a citizen of the State of Missouri.

4. Defendant Robert E. Stark ("Robert"), is a resident of Everton, Dade County, Missouri. Robert is a citizen of the State of Missouri.

## II. Jurisdiction and Venue

5. Bankers Life brings this interpleader action, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). This is an action between citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Bankers Life has custody or possession of money in controversy in excess of $500, disputed proceeds of a life insurance policy in the approximate total sum of $100,000.00 (the "Disputed Proceeds"), plus interest as provided by law.

7. Defendants are adverse claimants to the Disputed Proceeds, who are diverse in citizenship to Bankers Life, payment of which to any may expose Bankers Life to double or multiple liability.

8. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1397 because at least one of the Defendants resides in this judicial district.

## III. Cause of Action in Interpleader

9. On March 7, 2008, Bankers Life issued to Betty J. Skinner (the "Insured") an Equity Indexed Flexible Premium Adjustable Life Insurance Policy with an initial specified value of $100,000 as Policy Number ***0585 (the "Policy"). A true and accurate copy of the Policy, including the Application, is attached hereto as Exhibit A[1].

10. In the Application for the Policy, the Insured named Thomas, her then-husband, as the primary beneficiary, and Minnie, her mother, as the contingent beneficiary.

11. A Judgment of Dissolution of the marriage of the Insured and Thomas was entered in the Greene County Circuit Court on June 7, 2016, but the Policy was not included in the itemized

---

[1] Exhibits are redacted for HIPAA and privacy reasons.

lists of marital and non-marital property, nor does the Judgment specify to whom the Policy was awarded. A true and accurate copy of the June 7th Judgment is attached hereto as Exhibit B.

12. On or about July 1, 2019, the Insured purportedly executed a Life and Annuity Policy Information Form (the "Change Form"), requesting that the beneficiary of the Policy be changed as follows:

> **B  BENEFICIARY INFORMATION**
> Please complete this section to confirm or change your beneficiary designation.
> ☑ Primary Beneficiary
> 1. Name: Minnie May Hough    Date of Birth: 54    SSN/TIN: 0399    Percent of Proceeds: 1/3
>    Address: 3057 W. Morningside Ct.    City: Springfield    State: MO    Zip Code: 65807
>    E-mail Address:    Phone Number: 417-569-7166
>
> ☐ Primary Beneficiary    ☑ Contingent Beneficiary
> 2. Name: Robert Eugene Stark    Date of Birth: 63    SSN/TIN: 7970    Percent of Proceeds: 2/3
>    Address: 1337 Hwy 160    City: Everton    State: MO.    Zip Code: 65646
>    E-mail Address:    Phone Number:

A true and accurate copy of the Change Form is attached hereto as Exhibit C.

13. By letter dated July 2, 2019, Bankers Life notified the Insured that the Change Form could not be processed until additional information was provided. Specifically, the Insured was advised that "[t]he allocation of proceeds between the primary and/or contingent beneficiary . . . needs to be revised . . . ." A true and accurate copy of the July 2nd letter is attached hereto as Exhibit D.

14. The Insured died on November 7, 2019. The death benefit of the Policy as of the date of the Insured's death was $100,000.00.

15. Upon information and belief, no probate estate was opened following the death of the Insured.

16. On or about December 12, 2019, Minnie executed a Life Insurance Claim Form ("Minnie's Claim"). A true and accurate copy of Minnie's Claim is attached hereto as <u>Exhibit E</u>.

17. By letters dated February 3, 2020, February 18, 2020, and March 4, 2020, Bankers Life informed Minnie that it was unable to process her claim because "[t]he designated primary beneficiary(-ies) of [the Policy] is THOMAS SKINNER . . . ." True and accurate copies of the February 3rd, February 18th, and March 4th letters are collectively attached hereto as <u>Exhibit F</u>.

18. By letter dated March 31, 2020, Bankers Life advised Thomas and Minnie that, in light of the competing claims to the proceeds of the Policy, it could not determine the rightful beneficiary(ies) of the Policy. Bankers Life requested that Thomas and Minnie come to an amicable agreement regarding the disposition of the Disputed Proceeds and advised that if an amicable agreement could not be reached, an interpleader action would be filed. True and accurate copies of Bankers Life's March 31st letters are collectively attached hereto as <u>Exhibit G</u>.

19. By letter dated April 7, 2020, Thomas requested that Bankers Life provide him with information relating to the Policy and contact information for the competing claimant(s). A true and accurate copy of the April 7th letter is attached hereto as <u>Exhibit H</u>.

20. By letters dated May 20, 2020, and July 28, 2020, Bankers Life advised Thomas that the rights to the Policy had passed to the Insured's estate and the specific information he sought could not be provided until it received an authorization signed by the executor of the estate. True and accurate copies of the May 30th and July 28th letters are collectively attached hereto as <u>Exhibit I</u>.

21. To date, Bankers Life has not received an authorization signed by an executor, nor has it been advised that an agreement as to the disposition of the Disputed Proceeds has been reached.

22. In light of the foregoing, Bankers Life cannot determine factually or legally who is rightfully entitled to the Disputed Proceeds, or how said Disputed Proceeds should be paid.

## IV. Claim for Relief

23. There exists a real and justiciable controversy between Bankers Life, Thomas, Minnie, and Robert.

24. Bankers Life is an innocent stakeholder subject to conflicting claims to the Disputed Proceeds and cannot pay any of the Defendants without justifiable fear of multiple liability and multiple lawsuits.

25. As a mere stakeholder, Bankers Life claims no interest in the Disputed Proceeds (except to recover the cost of this action), and respectfully requests that this Court determine to whom said benefits are payable.

26. Bankers Life stands ready, willing and able to deposit the Disputed Benefit, plus interest as provided by law, into the Registry of this Court or to whomever this Court shall otherwise direct for disbursement in accordance with the judgment of this Court.

27. There is no fraud or collusion between Bankers Life and any of the Defendants. Bankers Life brings this Complaint for Interpleader of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

28. Bankers Life has incurred, is incurring, and will continue to incur costs and attorneys' fees in bringing this action.

**WHEREFORE**, Bankers Life prays for judgment as follows:

(a) That Defendants and each of them be ordered to answer this Complaint for Interpleader and litigate their claims between themselves to the Disputed Proceeds;

(b) That Defendants be permanently restrained and enjoined from commencing any other civil action or proceeding against Bankers Life in any state, federal or other court of competent jurisdiction in order to seek benefits or in order to assert damage claims arising under the Policies as a consequence of the death of the Insured;

(c) That Defendants be required to settle and adjust the claims between themselves or, upon their failure to do so, the Court shall settle and adjust their claims and determine to whom the Disputed Proceeds should be paid;

(d) That Bankers Life be permitted to deposit the Disputed Proceeds into this Court's Registry, or as this Court otherwise directs, to be subject to the order of this Court and paid out as this Court shall direct;

(e) That upon deposit of the Disputed Proceeds, Bankers Life its agents, employees, representatives, predecessors, successors, and assigns be discharged from and against any liability, suits, debts, judgments, dues, sums and/or causes of action whether at law or at equity, to any of the Defendants, and/or to any person, entity, claimant, defendant for benefits arising under and pursuant to the Policies on account of the death of the Insured;

(f) That Bankers Life be awarded costs it incurred to prosecute this action; and,

(g) That Bankers Life be awarded all other and further relief as the Court may deem proper.

Submitted this 3rd day of November, 2020.

Respectfully submitted,

*/s/ Theresa A. Otto*
Theresa A. Otto                    (#45453)
BATY OTTO CORONADO PC
4600 Madison Avenue, Suite 210
Kansas City, MO 64112-3012

Telephone: 816-531-7200
Facsimile: 816-531-7201
E-mail: totto@batyotto.com

*Attorney for Plaintiff,*
*Bankers Life and Casualty Company*